898 A.2d 510

IN THE MATTER OF JAMES O. ROBERSON, AN ATTORNEY
AT LAW (ATTORNEY NO. 584861986).

May 24, 2006.

## O R D E R

The Disciplinary Review Board having filed with the Court its decision in DRB 05–344, concluding that **JAMES O. ROBERSON** of **SILVER SPRING, MARYLAND**, who was admitted to the bar of this State in 1986, and who has been temporarily suspended from practice since April 26, 2002, should be suspended from the practice of law for a period of six months for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.4(a) and(b) (failure to communicate with the client), *RPC* 1.5(a) (excessive fees), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **JAMES O. ROBERSON** is suspended from the practice of law for a period of six months and until the

further Order of the Court, effective immediately; and it is further

ORDERED that respondent shall not be reinstated to the practice of law until all disciplinary matters pending against him are concluded and until he cooperates fully with the Office of Attorney Ethics as ordered by the Court on June 6, 2001, March 8, 2002, and April 26, 2002; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of his suspension and continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.